IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ANDRE HARRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:12-cv-112-SLB-TMP |
| ) | |
| ERIC H. HOLDER, Attorney General; ) | |
| JANET NAPOLITANO, Secretary of ) | |
| Homeland Security; PHILLIP T. MILLER, ) | |
| New Orleans Field Office Director of ) | |
| Immigration and Customs Enforcement, ) | |
| SCOTT HASSELL, Warden, ) | |
| Etowah County Detention Center, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This case involves an immigration detainee who seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, contending that he is being held in ICE custody beyond the presumptively reasonable removal period of six months prescribed in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  The magistrate judge filed his report and recommendation on September 5, 2012, recommending that *habeas* relief be denied and the petition dismissed.  To date, no objections have been filed with respect to the report and recommendation.

Having now carefully reviewed and considered *de novo* the report and recommendation and other relevant materials in the court record, the court finds that the report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.  The court agrees with the magistrate judge that petitioner has not shown that there is no "significant likelihood" that petitioner will be removed in the "reasonably foreseeable future." *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir.

2002).  Petitioner has been ordered removed to Jamaica, and that nation has cooperated in the past with efforts to repatriate its citizens.  The obstacle in this case is plaintiff's own litigation efforts in this court and the Second Circuit Court of Appeals.  Once that litigation comes to an end, there is no reason to believe that Jamaica will fail to provide the necessary travel documents to remove petitioner to that country.  Stated another way, there remains a significant likelihood that petitioner can be removed to Jamaica in the reasonably foreseeable future.  That being the case, petitioner's continued detention awaiting removal does not violate his due process under *Zadvydas*.  As the Supreme Court stated in *Zadvydas*, "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001).

Under the circumstances presently existing, the petition for writ of *habeas corpus* is due to DENIED and DISMISSED.  A separate order will enter.

The Clerk is **DIRECTED** to mail a copy of the foregoing to the petitioner.

**DONE**, this 24th day of September, 2012.

_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE